CARIBBEAN ATLANTIC AIRLINES, INC., Plaintiff,

v.

NAPIER ENGINES, INC., Defendant.

Civ. No. 72-62.

United States District Court
D. Puerto Rico.

May 19, 1964.

**190**

Fiddler, Gonzàlez & Rodriguez, San Juan, P. R., for plaintiff.

Francisco Ponsa-Feliu, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

Defendant Napier Engines Incorporated has moved the Court to quash the service of the summons and dismiss the action on the ground that it is not doing business in Puerto Rico and was not subject to service in the Commonwealth of Puerto Rico.

The purported service was made upon John Cyrn Shipp, Executive Vice President and Director of Napier, at Isla Verde Airport, in Carolina, Puerto Rico. The burden of the complaint is that Napier negotiated with plaintiff to sell certain Convair 540 Aircraft and that, after plaintiff agreed to purchase, defendant failed to comply with its contract.

Extensive discovery to enable the Court to rule on the motion has been resorted to, and pursuant thereto documentary evidence has been produced. The parties have filed exhaustive briefs on the question.

The record shows that defendant did indeed propose to sell such aircraft to plaintiff, that negotiations to that effect were carried out, and that representatives of defendant were in Puerto Rico for a period of time in connection with, and preliminary to, the proposed sale, and that defendant trained certain of plaintiff's employees in the operation of the aircraft it was seeking to sell plaintiff.

A long list of acts which plaintiff contends show "certain minimum contacts" (International Shoe Co. v. Washington, 326 U.S. 310, at 316, 66 S.Ct. 154, 90 L.Ed. 95) so as to make it amenable to suit in this forum, is to be found in plaintiff's brief. However, a careful reading of the activities of defendant within Puerto Rico shows that all of them were preliminary to future activity in Puerto Rico. At most, they disclose an intention to do business in the future, which does not constitute doing business. See Restatement of the Law, Conflict of Laws, Section 167 Comment (b).

Even the liberal rule of McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 does not help plaintiff. In that case an insurance contract was delivered in California, the premiums were mailed from that State, and the insured was a resident of California when he died. The Court held that the foreign insurer was amenable to suit in California, stating at page 223 "It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State." In the present

case there is no "contract having a substantial connection" with the Commonwealth of Puerto Rico. All that exists is a Letter of Intent from plaintiff which states, significantly: "No part of this Letter of Intent shall become binding upon the parties until such time as appropriate definite agreements are developed and signed by the parties." (Page 5, Exh. D–26). The motion to dismiss and to quash the service of summons must be, and hereby is, granted.

The action must be, therefore, dismissed.

It is so ordered.